# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 14-292 |
| | ) |
| RAYMONT WRIGHT, | ) Judge Cathy Bissoon |
| USMS 35536068 | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant's Motion in Limine (Doc. 80) to exclude evidence regarding his incident/arrest in 2002 will be granted. The Court agrees with defense counsel that the evidence proffered by the government is stale, remote and more prejudicial than probative. Assuming the government's proffered testimony has a proper evidentiary purpose and is relevant, its admission would be improper under a balancing of the factors in Rule 403.

The government's arguments to the contrary are somewhat confounding. On the one hand, counsel takes the position that Rule 404(b) is not even implicated, because the officer in question would testify only that Defendant "met" him in 2002, at which time Defendant had an opportunity to view the officer's unmarked vehicle with its lights and sirens activated. *See* Gov't's Opp'n Br. (Doc. 93) at 3-4. How such testimony could be offered *without* revealing the context of the interaction (*i.e.*, the criminal investigation, pursuit and arrest of Defendant) is difficult to imagine. The government's position, moreover, is contradicted by its having served on Defendant a Rule 404(b)-notice. *See* Doc. 80-1. While the government acted appropriately in acknowledging the Rule's potential invocation, and certainly should not be discouraged from acting with such candor in the future, the proffered testimony,

so-circumscribed, would identify no "crime, wrong or other act" that might reflect negatively on Defendant's character. Fed. R Evid. 404(b)(1). The Court is not persuaded that the proposed testimony can be presented so abstractly as to remove it from the bounds of Rule 404(b) (and, even if it could, the proffer still would fail under Rule 403).

The government next argues that, assuming Rule 404(b) applies, the evidence is proper, relevant and more probative than prejudicial. As foreshadowed above, the Court sees the Rule 403-balancing quite differently. Twelve years intervened between the 2002-incident and the crime charged in this case. To say that the incidents are temporally remote, in comparison to others examined in the case law, is an understatement. As a general matter, then, the Court agrees with defense counsel that the proffered evidence is "stale."

More specifically, Defendant's presumed awareness of undercover vehicles in his neighborhood in 2002 is of limited probative value regarding his state of mind at the time of the charged-incident in 2014. Under the circumstances, any probative value of such evidence is heavily outweighed by its prejudicial nature, whether the potential affront to Defendant's character is made explicit (*i.e.*, the revelation of a prior criminal investigation, pursuit and/or arrest) or left a matter of conspicuous inference (in the form of the officer's testimony that, in 2002, Defendant observed his undercover car with its lights and sirens activated, and providing no further explanation or context).

Additionally, were the evidence to be circumscribed as proposed by the government, the proffered testimony would create a risk of confusing and misleading the jury. *See* Gov't's Opp'n Br. at 3-4 (proposing that the officer involved in 2002 incident may testify that Defendant observed his undercover car with lights and sirens activated; and then bootstrapping testimony regarding a more recent interaction between that officer and Defendant, at the scene of a traffic

accident not involving Defendant, at which time Defendant purportedly asked the officer if he remembered Defendant and proceeded to give the officer an update regarding his personal life). The proffered testimony, if permitted, would invite a "side show" at trial, regarding an incident occurring over a decade before the charged-crime, involving an officer having no connection with the 2014-incident. This would invite an unacceptable, and unnecessary, risk of confusing and misleading the jury (not to mention, again begging the question, "what exactly happened in 2002?").

Finally, the probative value of the proposed testimony is diminished by its cumulativeness. The government so much as admits this in its brief. *See* Gov't's Opp'n Br. at 3-4 (indicating that officer involved in 2002 incident would testify that "he frequently engaged in proactive patrols in the Hill District in an unmarked vehicle equipped with lights and sirens," he "became familiar with community members and their vehicles, just as community members . . . became familiar with him and his vehicle," and that "[t]his testimony will be similar to that offered by" the detectives who have testified regarding the incident in 2014).

For all of these reasons, as well as the others articulated by Defendant's counsel in his moving papers,[1] Defendant's Motion in Limine (**Doc. 80**) is **GRANTED**.

---

[1] Defense counsel has made other good points, and has provided appropriate legal citations. Counsel's analyses and citations are adopted herein by reference, but the Court declines to endorse Defendant's blanket assertions that the proffered-evidence would serve no evidentiary purpose and/or is irrelevant. While Defendant's putative knowledge regarding the presence of undercover police vehicles in his neighborhood is not directly implicated by his felon-in-possession charge, such evidence would undermine a tenet of his defense. *See* Gov't's Opp'n Br. at 12 (in order to rebut government's flight-as-consciousness-of-guilt theory, Defendant maintained that he fled his pursuers out of fear, not knowing they were law enforcement officers).

IT IS SO ORDERED.

January 19, 2017                                     s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record