# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 14-292 |
| | ) | |
| RAYMONT WRIGHT, | ) | Judge Cathy Bissoon |
| USMS 35536068 | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion (Doc. 89) to bar retrial based on a *Brady* violation will be denied. At the Motion Hearing, the government's evidence showed that the fingerprint analysis was done as part of a short-lived policy dictating that *all* firearms be so tested, regardless of whether it was requested. The "constable" for Defendant's case, Officer Kennedy, credibly testified that he did <u>not</u> request fingerprint analysis, because officers personally observed Defendant possessing the weapon, and the officers' and the government's lack of prior awareness, therefore, is consistent.

The Court believes that, although the officers' and the government's lack of prior knowledge is unfortunate, it certainly did not result from bad faith, ill-motive or intent; there are no indicia or evidence of willful misconduct. The government and its witnesses' omissions fall well short of the "bad faith"-type conduct required to justify a dismissal of the indictment or a bar of retrial. Under the circumstances, then, the relief sought by Defendant is grossly disproportionate to the aggrieved-conduct. The traditional remedy for a *Brady* violation is retrial, and, in this case, that is the appropriate outcome.

Although Defendant was going to be retried in any event, the absence of additional punishment for the *Brady* violation cannot justify the Court's overlooking clear precedent

requiring far more, in the way of untoward-conduct, than the evidence establishes. The case law requires acts or omissions that are "shocking," "outrageous," or "clearly intolerable," involving deceptive or other willful misconduct. *See* Gov't's Opp'n Br. (Doc. 97) at 5-7 (citing relevant legal precedent). Those types of things are not, based on the Court's weighing of the evidence, evident here. Dismissal of the criminal charges is a rare remedy, requiring exceptional circumstances, *see id.*, and Defendant simply cannot meet those high standards.

Finally, the Court rejects Defendant's suggestion that, had the fingerprint evidence been disclosed during the initial trial, he likely would have received a full acquittal. While Mr. Wright undoubtedly wishes to avoid the delay, anxiety and stress of his continued criminal-prosecution, as referenced in his Motion papers, the Court believes, based on the entire evidentiary record at trial, that it is unreasonably optimistic to believe that a full acquittal was likely, let alone highly probable.

For all of these reasons, and based on the evidence presented at yesterday's Hearing, Defendant's Motion (**Doc. 89**) is **DENIED**.

IT IS SO ORDERED.


February 14, 2017                                s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record